# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CYNTHIA FLOTO,                                    CASE NO:
RICHARD FLOTO,
and CHRISTOPHER FLOTO
            Plaintiff,

vs.

CITY OF MELBOURNE,
OFFICER JOSEPH AIANI,
OFFICER EVAN JONES,
OFFICER KYLE FITZGERALD
OFFICER BAYLEE KEENER, and
OFFICER JOSHUA KEY,

            Defendants.
_____/


## COMPLAINT

## INTRODUCTION


1.    Plaintiffs, CYNTHIA FLOTO, RICHARD FLOTO, and CHRISTOPHER

      FLOTO  (hereinafter referred to as "Plaintiffs" or "the Floto's"), by and through

      her undersigned counsel and sues Defendants, THE CITY OF MELBOURNE, a

      municipal  corporation  (hereinafter referred to  as "Defendant  CITY" or "the

      CITY"),   OFFICER  JOSEPH  AIANI,  in his individual capacity (hereinafter

      referred to as "Defendant AIANI"), OFFICER EVAN JONES, in his individual

capacity (hereinafter referred to as "Defendant JONES"), OFFICER KYLE FITZGERALD, in his individual capacity (hereinafter referred to as "Defendant FITZGERALD"), OFFICER BAYLEE KEENER, in his individual capacity (hereinafter referred to as "Defendant KEENER"), OFFICER JOSHUA KEY, in his individual capacity (hereinafter referred to as "Defendant KEY") (hereinafter collectively referred to as "Defendants" or in excluding the CITY, "Defendant officers"), and herein requests judgment of this Court declaring unconstitutional and unlawful certain actions of defendants, which resulted in Plaintiffs being deprived of their constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and their rights under the Florida Constitution and Florida Law, and seeks damages from Defendants as compensation for the deprivation of their constitutional rights for an award of attorney's fees as authorized by law, all reasonable costs of this action, and for any other and further relief that this Court deems just and proper.

## **PARTIES**

2.  Plaintiffs are presently residents of Brevard County, Florida and at all material times herein were resident of Brevard County, Florida. Prior to this incident, CYNTHIA FLOTO and RICHARD FLOTO had never been arrested in their respective lives.

3.   Defendant, THE CITY OF MELBOURNE, is a municipal corporation situated in Brevard County, Florida and through its law enforcement agency, The MELBOURNE POLICE DEPARTMENT (MPD), is responsible for the policies and conduct of its officer including Defendants AIANI, JONES, FITZGERALD, KEENER, and KEY.

4.   Defendant, AIANI, is a police officer who is (or was at the material times in the complaint), employed by Defendant MPD; is over the age of 18 and on information and belief is a resident in or conducts business in Brevard County, Florida and is being sued in his individual capacity.

5.   Defendant, JONES, is a police officer who is (or was at the material times in the complaint), employed by Defendant MPD; is over the age of 18 and on information and belief is a resident in or conducts business in Brevard County, Florida and is being sued in his individual capacity.

6.   Defendant, FITZGERALD, is a police officer who is (or was at the material times in the complaint), employed by Defendant MPD; is over the age of 18 and on information and belief is a resident in or conducts business in Brevard County, Florida and is being sued in his individual capacity.

7.   Defendant, KEENER, is a police officer who is (or was at the material times in the complaint), employed by Defendant MPD; is over the age of 18 and on

information and belief is a resident in or conducts business in Brevard County, Florida and is being sued in his individual capacity.

8. Defendant, KEY, is a police officer who is (or was at the material times in the complaint), employed by Defendant MPD; is over the age of 18 and on information and belief is a resident in or conducts business in Brevard County, Florida and is being sued in his individual capacity.

9. THE MELBOURNE POLICE DEPARTMENT is the law enforcement agency for Defendant, CITY (hereinafter referred to as "MPD").

## VENUE AND JURISDICTION

10. The events giving rise to this complaint occurred or originated in Brevard County, Florida and within the city limits of Melbourne, Florida and is within the Middle District Court of Florida's jurisdiction.

11. This is an action for money damages for the injuries suffered by Plaintiff, CYNTHIA FLOTO as a result of the DEFENDANTS' conduct, in violation of Plaintiff's civil rights, constitutional rights, and the rights guaranteed by the laws of the great state of Florida.

12. Throughout the investigation and prosecution of CYNTHIA FLOTO, Defendant CITY (by and through the Melbourne Police Department) showed deliberate indifference towards Plaintiffs civil and constitutional rights.

13. This is an action for money damages for the injuries suffered by Plaintiff, RICHARD FLOTO as a result of the DEFENDANTS' conduct, in violation of Plaintiff's civil rights, constitutional rights, and the rights guaranteed by the laws of the great state of Florida.

14. Throughout the investigation and prosecution of RICHARD FLOTO, Defendant CITY (by and through the Melbourne Police Department) showed deliberate indifference towards Plaintiffs civil and constitutional rights.

15. This is an action for money damages for the injuries suffered by Plaintiff, CHRISTOPHER FLOTO as a result of the DEFENDANTS' conduct, in violation of Plaintiff's civil rights, constitutional rights, and the rights guaranteed by the laws of the great state of Florida.

16. Throughout the investigation and prosecution of CHRISTOPHER FLOTO, Defendant CITY (by and through the Melbourne Police Department) showed deliberate indifference towards Plaintiffs civil and constitutional rights.

17. This is an action brought pursuant to *42 U.S.C. §1983*, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory ....subjects or causes to be subjected any citizen of the United States or others person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

18. This Court has jurisdiction over the federal claims pursuant to ***28 U.S.C. §§ 1331*** and ***1343***. Supplemental jurisdiction is invoked over the state law claims under ***28 U.S.C. § 1367.***

19. Venue is proper in this District pursuant to ***28 U.S.C. § 1391(b)***, where the events giving rise to the claims occurred within the Middle District of Florida.

20. Pursuant to ***§768.28(6)(a)***, Florida Statutes, Plaintiffs have notified the Defendant, CITY, of their claims six months or more prior to the filing of this action and said claims were not resolved. Plaintiffs have fully complied with ***§768.28(6)(a)***, including providing notice and service, if applicable, to the Florida Department of Financial Services and the City of Melbourne.

21. All conditions precedent to the filing of this action have occurred, accrued, or have been waived as a matter of law.

## GENERAL ALLEGATIONS

22. On February 6, 2021, Aiani and Jones showed up to the Plaintiffs' residence located at 3437 Saddle Brook Drive Melbourne, FL without a warrant, to arrest Christopher Floto based on the "uncorroborated" word of his estranged child's mother, Shelby Rae Meier, who alleged that Christopher was sending her text messages from an "unknown" phone number not associated with CHRISTOPHER FLOTO.

23. OFFICER AIANI knocked on the door to the Plaintiffs' home and Cynthia and Richard FLOTO answered the door and Aiani asked if Christopher was home and Cynthia said she would check, and she went to check.

24. Cynthia walked back towards the door and Christopher arrived shortly after walking towards the front door.

25. OFFICER AIANI demanded that CHRISTOPHER FLOTO come outside to talk to him, and Christopher refused and told Aiani to leave the residence unless he had a warrant. After several demands by AIANI and refusals by CHRISTOPHER FLOTO, Christopher told his father Richard to close the door. RICHARD FLOTO told AIANI "I think you have your answer", Aiani forced his way into the Plaintiffs' house without a warrant, or without any circumstances justifying a "warrant exception".

26. In unlawfully entering the home, AIANI pushed past both CYNTHIA FLOTO, and RICHARD FLOTO and to attempt an unlawful seizure of CHRISTOPHER FLOTO in his home.

27. The entire time CHRISTOPHER FLOTO told Aiani to leave his house from about 13 to 14 feet away from the doorway. Aiani did not make contact with Christopher until Aiani was in the kitchen of the Plaintiffs' home.

28. OFFICER JONES then entered the Plaintiffs' home and both he and AIANI unlawfully seized CHRISTOPHER FLOTO by dragging him out of his home.

29. OFFICER FITZGERALD, who at the time was with Jones on a ride-along also unlawfully entered the home to assist Jones and Aiani in unlawfully arresting Christopher.

30. While AIANI and JONES were unlawfully in the Plaintiffs' home, they also ignored CYNTHIA FLOTO'S demands that they leave the home, and physically pushed her, pulled her, and eventually blocked her so she could not protect her son.

31. Although CYNTHIA FLOTO was attempting to protect her son in their home, she did not batter AIANI and JONES but was the victim of a battery committed on her by the officers.  Officer AIANI crushed her foot causing a toe fracture during the time he physically accosted Mrs. Floto.

32. RICHARD FLOTO never touched or battered AIANI and JONES that night.

33. After AIANI, JONES and FITZGERALD unlawfully entered the Plaintiffs' home, CHRISTOPHER FLOTO was unlawfully arrested (with no warrant and without probable cause he committed any of the offenses below) for the Felony charge of Aggravated Cyber Stalking; Misdemeanor charge of Violation of Domestic Injunction; and the Misdemeanor charge Resisting Officer Without Violence.

34. After AIANI, JONES and FITZGERALD unlawfully entered the Plaintiffs' home, Cynthia Floto was unlawfully arrested (with no warrant and without

probable cause she committed any of the below offenses) for the Felony offense of Battery on law enforcement officer and the Misdemeanor offense of Resisting an officer without violence.

35.  After AIANI, JONES and FITZGERALD unlawfully entered the Plaintiffs' home, Richard Floto was unlawfully arrested (with no warrant and without probable cause he committed any of the below offenses) for the Felony offense of Battery on law enforcement officer and the Misdemeanor offense of Resisting an officer without violence.

36.  OFFICER AIANI intentionally included false allegations and statements in his arrest report that were not supported by actual video evidence captured by the Plaintiffs' in-home camera system.

37.  OFFICER JONES' arrest report outlining the events that occurred that night included intentional false allegations and statements that were not supported by actual video evidence captured by the Plaintiffs' in-home camera system.

38.  OFFICER FITZGERALD made false statements during Internal Affairs investigation that were not supported by actual video evidence captured by the Plaintiffs' in-home camera system.

39.  OFFICER KEENER assisted with the unlawful arrest of Cynthia Floto for Resisting Arrest without Violence and Battery on a Law Enforcement Officer.

40. OFFICER KEY assisted with the unlawful arrest of Richard Floto for Resisting Arrest without Violence and Battery on a Law Enforcement Officer.

41. On March 31, 2021, the State Attorney's Office decided not to file charges on Aggravating Stalking and Violation of Domestic injunction for Protection against Domestic Violence against Christopher Floto and filed charges on the Violation of Condition of Pre-Trial Release against Christopher Floto. Then on August 27, 2021, the State Attorney Nolle Prosequi the Violation of Pre-trial Release Condition charge against Christopher Floto as well.

42. On August 26, 2021, the State Attorney's Office decided not to prosecute the charges of Battery on a Law Enforcement Officer and Resisting an Officer Without Violence for Richard Floto as a result of insufficient evidence.

43. On August 26, 2021, the State Attorney's Office decided not to prosecute the charges of Battery on a Law Enforcement Officer and Resisting an Officer Without Violence for Cynthia Floto as a result of insufficient evidence.

44. On March 31, 2021, the State Attorney's Office decided not to file charges for the charges of Resisting an Officer Without Violence for Christopher Floto as a result of insufficient evidence.

45. The Plaintiffs were subject to ongoing prosecution for several months before their cases were dropped.

46. On November 16, 2021, OFFICER AIANI was disciplined by the Chief of Police and suspended for eight hours without pay, after the Plaintiffs filed a complaint regarding AIANI's conduct described in this complaint.

47. DEFENDANT CITY, by and through the MELBOURNE Police Department, knew or should have known that DEFENDANT OFFICERS, as well as all officers employed with the department, needed training and supervision with regard to the warrant requirement to enter a home to effectuate an arrest.

48. DEFENDANT CITY, by and through the MELBOURNE Police Department, knew or should have known that DEFENDANT OFFICERS, as well as all officers employed with the department, needed training and supervision with how to conduct a proper investigation into a purported crime and how to develop probable cause to arrest for a crime, where the alleged victim is an estranged significant other.

49. CITY OF MELBOURNE has been put on notice about these policies and procedures which clearly violate citizens' constitutional rights and has failed to take action to properly train and supervise all officers, including DEFENDANT officers.

50. *Thompson v. Mostert*, 2012 U.S. Dist. LEXIS 197676 (M.D. Fla. (Orl. Div.) January 27, 2012) and *Kampstra v. Pond*, 2023 U.S. Dist. LEXIS 27508 (M.D. Fla. (Orl. Div.) Feb. 17, 2023) and several sustained internal Affairs complaints,

have placed the DEFENDANT CITY on notice of the need for training and supervision, however the CITY has shown deliberate indifference to the Plaintiffs' constitutional rights by failing to implement the necessary policy and procedure to curtail the unconstitutional actions of its Officers.

51.  ALL actions complained of in the above general allegations were made with Malice and done in Bad-faith, where DEFENDANT OFFICERS AIANI, JONES, and FITZGERALD intentionally lied in their affidavits to cover up the unlawful entry into the FLOTO's home and their respective unlawful seizures.

## FEDERAL CONSTITUTIONAL CLAIMS

### COUNT I
### 42 U.S.C. § 1983 & 1988
### UNLAWFUL ENTRY INTO HOME IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION
### (CHRISTOPHER FLOTO AGAINST DEFENDANT AIANI)

52.  PLAINTIFF, CHRISTOPHER FLOTO, re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

53.  On or about February 6, 2021, DEFENDANT, AIANI, acting in his individual capacity, while depriving PLAINTIFF of his rights under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983, in that DEFENDANT unlawfully entered the PLAINTIFF'S home, in the absence of a warrant or an exception to the warrant requirement.

54. PLAINTIFF has the right under the United States Constitution to the full and equal benefit of all laws and proceedings for the security of persons, including the right to be free from unlawful entry onto their homes.

55. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover a reasonable fee for said counsel, from DEFENDANT pursuant to 42 U.S.C. §1988.

56. PLAINTIFF suffered personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this intrusion.

   **WHEREFORE**, PLAINTIFF CHRISTOPHER FLOTO demands judgment for damages against DEFENDANT AIANI which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.  Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

## COUNT II
## 42 U.S.C. § 1983 & 1988
## UNLAWFUL ENTRY INTO HOME IN VIOLATION OF THE FOURTH
## AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION
### (CYNTHIA FLOTO AGAINST DEFENDANT AIANI)

57.    PLAINTIFF, CYNTHIA FLOTO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

58.    On or about February 6, 2021, DEFENDANT, AIANI, acting in his individual capacity, while depriving PLAINTIFF of his rights under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983, in that DEFENDANT unlawfully entered the PLAINTIFF's home, in the absence of a warrant or an exception to the warrant requirement.

59.    PLAINTIFF has the right under the United States Constitution to the full and equal benefit of all laws and proceedings for the security of persons, including the right to be free from unlawful entry into their homes.

60.    PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover a reasonable fee for said counsel, from DEFENDANT pursuant to 42 U.S.C. §1988.

61.    PLAINTIFF suffered personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and

suffering, emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this intrusion.

**WHEREFORE**, PLAINTIFF CYNTHIA FLOTO demands judgment for damages against DEFENDANT AIANI which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.  Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

<u>**COUNT III**</u>
<u>**42 U.S.C. § 1983 & 1988**</u>
<u>**UNLAWFUL ENTRY INTO HOME IN VIOLATION OF THE FOURTH**</u>
<u>**AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**</u>
(RICHARD FLOTO AGAINST DEFENDANT AIANI)

62.  PLAINTIFF, RICHARD FLOTO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint

63.  On or about February 6, 2021, DEFENDANT, AIANI, acting in his individual capacity, while depriving PLAINTIFF of his rights under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983, in that DEFENDANT unlawfully entered the PLAINTIFF'S home, in the absence of a warrant or an exception to the warrant requirement.

15

64. PLAINTIFF has the right under the United States Constitution to the full and equal benefit of all laws and proceedings for the security of persons, including the right to be free from unlawful entry into their homes.

65. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover a reasonable fee for said counsel, from DEFENDANT pursuant to 42 U.S.C. §1988.

66. PLAINTIFF suffered personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this intrusion.

**WHEREFORE**, PLAINTIFF RICHARD FLOTO demands judgment for damages against DEFENDANT AIANI which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

**COUNT IV**
**42 U.S.C. § 1983 & 1988**
**UNLAWFUL ENTRY INTO HOME IN VIOLATION OF THE FOURTH**
**AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**
(CHRISTOPHER FLOTO AGAINST DEFENDANT JONES)

67. PLAINTIFF, CHRISTOPHER FLOTO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

68. On or about February 6, 2021, DEFENDANT, JONES, acting in his individual capacity, while depriving PLAINTIFF of his rights under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983, in that DEFENDANT unlawfully entered the PLAINTIFF's home, in the absence of a warrant or an exception to the warrant requirement.

69. PLAINTIFF has the right under the United States Constitution to the full and equal benefit of all laws and proceedings for the security of persons, including the right to be free from unlawful entry into their home.

70. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover a reasonable fee for said counsel, from DEFENDANT pursuant to 42 U.S.C. §1988.

71. PLAINTIFF suffered personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and

suffering, emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this intrusion.

**WHEREFORE**, PLAINTIFF CHRISTOPHER FLOTO demands judgment for damages against DEFENDANT JONES which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

**COUNT V**
**42 U.S.C. § 1983 & 1988**
**UNLAWFUL ENTRY INTO HOME IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**
(CYNTHIA FLOTO AGAINST DEFENDANT JONES)

72.  PLAINTIFF, CYNTHIA FLOTO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

73.  On or about February 6, 2021, DEFENDANT, JONES, acting in his individual capacity, while depriving PLAINTIFF of his rights under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983, in that DEFENDANT unlawfully entered the PLAINTIFF'S home, in the absence of a warrant or an exception to the warrant requirement.

74. PLAINTIFF has the right under the United States Constitution to the full and equal benefit of all laws and proceedings for the security of persons, including the right to be free from unlawful entry into their homes.

75. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover a reasonable fee for said counsel, from DEFENDANT pursuant to 42 U.S.C. §1988.

76. PLAINTIFF suffered personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this intrusion.

   **WHEREFORE**, PLAINTIFF CYNTHIA FLOTO demands judgment for damages against DEFENDANT JONES which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

**COUNT VI**
**42 U.S.C. § 1983 & 1988**
**UNLAWFUL ENTRY INTO HOME IN VIOLATION OF THE FOURTH**
**AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION**
(RICHARD FLOTO AGAINST DEFENDANT JONES)

77.  PLAINTIFF RICHARD FLOTO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

78.  On or about February 6, 2021, DEFENDANT, JONES, acting in his individual capacity, while depriving PLAINTIFF of his rights under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983, in that DEFENDANT unlawfully entered the PLAINTIFF'S home, in the absence of a warrant or an exception to the warrant requirement.

79.  PLAINTIFF has the right under the United States Constitution to the full and equal benefit of all laws and proceedings for the security of persons, including the right to be free from unlawful entry into their home.

80.  PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover a reasonable fee for said counsel, from DEFENDANT pursuant to 42 U.S.C. §1988.

81.  PLAINTIFF suffered personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF' Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering,

emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this intrusion.

**WHEREFORE**, PLAINTIFF RICHARD FLOTO demands judgment for damages against DEFENDANT JONES which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

**COUNT VII**
**42 U.S.C. § 1983 & 1988**
**UNLAWFUL ENTRY INTO HOME IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**
**(CHRITOPHER FLOTO AGAINST DEFENDANT FITZGERALD)**

82. PLAINTIFF, CHRISTOPHER FLOTO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

83. On or about February 6, 2021, DEFENDANT, FITZGERALD acting in his individual capacity, while depriving PLAINTIFF of his rights under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983, in that DEFENDANT unlawfully entered the PLAINTIFF'S home, in the absence of a warrant or an exception to the warrant requirement.

84. PLAINTIFF has the right under the United States Constitution to the full and equal benefit of all laws and proceedings for the security of persons, including the right to be free from unlawful entry into their home.

85. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover a reasonable fee for said counsel, from DEFENDANT pursuant to 42 U.S.C. §1988.

86. PLAINTIFF suffered personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this intrusion.

**WHEREFORE**, PLAINTIFF CHRISTOPHER FLOTO demands judgment for damages against DEFENDANT FITZGERALD which includes but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

**COUNT VIII**
**42 U.S.C. § 1983 & 1988**
**UNLAWFUL ENTRY INTO HOME IN VIOLATION OF THE FOURTH**
**AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**
(CYNTHIA FLOTO AGAINST DEFENDANT FITZGERALD)

87. PLAINTIFF CYNTHIA FLOTO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

88. On or about February 6, 2021, DEFENDANT, FITZGERALD, acting in his individual capacity, while depriving PLAINTIFF of her rights under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983, in that DEFENDANT unlawfully entered the PLAINTIFF'S home, in the absence of a warrant or an exception to the warrant requirement.

89. PLAINTIFF has the right under the United States Constitution to the full and equal benefit of all laws and proceedings for the security of persons, including the right to be free from unlawful entry into their home.

90. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover a reasonable fee for said counsel, from DEFENDANT pursuant to 42 U.S.C. §1988.

91. PLAINTIFF suffered personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and

suffering, emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this intrusion.

**WHEREFORE**, PLAINTIFF CYNTHIA FLOTO demands judgment for damages against DEFENDANT FITZGERALD which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

**COUNT IX**
**42 U.S.C. § 1983 & 1988**
**UNLAWFUL ENTRY INTO HOME IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**
(RICHARD FLOTO AGAINST DEFENDANT FITZGERALD)

92. PLAINTIFF RICHARD FLOTO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

93. On or about February 6, 2021, DEFENDANT FITZGERALD acting in his individual capacity, while depriving PLAINTIFF of his rights under the Fourth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983, in that DEFENDANT unlawfully entered the PLAINTIFF'S home, in the absence of a warrant or an exception to the warrant requirement.

94. PLAINTIFF has the right under the United States Constitution to the full and equal benefit of all laws and proceedings for the security of persons, including the right to be free from unlawful entry into their home.

95. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover a reasonable fee for said counsel, from DEFENDANT pursuant to 42 U.S.C. §1988.

96. PLAINTIFF suffered personal injuries and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this intrusion.

**WHEREFORE**, PLAINTIFF RICHARD FLOTO demands judgment for damages against DEFENDANT FITZGERALD which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

## COUNT X
## 42 U.S.C. § 1983 & 1988
## UNLAWFUL ARREST/SEIZURE (ABSENT PROBABLE CAUSE)
## IN VIOLATION OF THE FOURTH AND FOURTEENTH
## AMENDMENTS TO THE U.S. CONSTITUTION
(CHRISTOPHER FLOTO AGAINST DEFENDANT AIANI)

97. Plaintiff, CHRISTOPHER FLOTO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

98. PLAINTIFF has the right under the United States Constitution to be free from unreasonable seizures, which include arrests without probable cause, and arrest inside of one's home without a warrant.

99. On February 6, 2021, DEFENDANT, AIANI, acted in his individual capacity when he arrested the Plaintiff without probable cause.

100. DEFENDANT deprived PLAINTIFF of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983, by effectuating a warrantless arrest, absent probable cause, inside of Mr. Floto's home.

101. DEFENDANT did not have probable cause or arguable probable cause to believe that PLAINTIFF committed any of the offenses he was arrested for committing. DEFENDANT was NOT engaged in the lawful execution of a legal duty when effectuating an unlawful arrest.

102. DEFENDANT completed the actions complained of in this Complaint with knowledge that his actions were in direct violation of the United States Constitution and the rights of PLAINTIFF.

103. As a direct and proximate result of the violation of his constitutional right to be free from unlawful seizure by DEFENDANT, PLAINTIFF suffered serious personal injuries and damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this arrest.

104. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from DEFENDANT a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, PLAINTIFF CHRISTOPHER FLOTO demands judgment for damages against DEFENDANT AIANI which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

**COUNT XI**
**42 U.S.C. § 1983 & 1988**
**UNLAWFUL ARREST/SEIZURE (ABSENT PROBABLE CAUSE)**
**IN VIOLATION OF THE FOURTH AND FOURTEENTH**
**AMENDMENTS TO THE U.S. CONSTITUTION**
(CHRISTOPHER FLOTO AGAINST DEFENDANT JONES)

105. Plaintiff, CHRISTOPHER FLOTO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

106. PLAINTIFF has the right under the United States Constitution to be free from unreasonable seizures, which include arrests without probable cause, and arrest inside of one's home without a warrant.

107. On February 6, 2021, DEFENDANT JONES acted in his individual capacity when he arrested the Plaintiff without probable cause.

108. DEFENDANT deprived PLAINTIFF of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983, by effectuating a warrantless arrest, absent probable cause, inside of Mr. Floto's home.

109. DEFENDANT did not have probable cause or arguable probable cause to believe that PLAINTIFF committed any of the offenses he was arrested for committing. DEFENDANT was NOT engaged in the lawful execution of a legal duty when effecting an unlawful arrest.

110. DEFENDANT completed the actions complained of in this Complaint with knowledge that his actions were in direct violation of the United States Constitution and the rights of PLAINTIFF.

111. As a direct and proximate result of the violation of his constitutional right to be free from unlawful seizure by DEFENDANT, PLAINTIFF suffered serious personal injuries and damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this arrest.

112. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from DEFENDANT a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, PLAINTIFF CHRISTOPHER FLOTO demands judgment for damages against DEFENDANT JONES which include but are not limited to exemplary damages, cost of this action and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

**COUNT XII**
**42 U.S.C. § 1983 & 1988**
**UNLAWFUL ARREST/SEIZURE (ABSENT PROBABLE CAUSE)**
**IN VIOLATION OF THE FOURTH AND FOURTEENTH**
**AMENDMENTS TO THE U.S. CONSTITUTION**
(CYNTHIA FLOTO AGAINST DEFENDANT AIANI)

113. Plaintiff, CYNTHIA FLOTO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

114.  PLAINTIFF has the right under the United States Constitution to be free from unreasonable seizures, which include arrests without probable cause, and arrest inside of one's home without a warrant.

115. On February 6, 2021, DEFENDANT AIANI acted in his individual capacity when he arrested the Plaintiff without probable cause.

116. DEFENDANT deprived PLAINTIFF of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983, by effectuating a warrantless arrest, absent probable cause, inside of Mrs. Floto's home.

117. DEFENDANT did not have probable cause or arguable probable cause to believe that PLAINTIFF committed any of the offenses she was arrested for committing. DEFENDANT was NOT engaged in the lawful execution of a legal duty when effecting an unlawful arrest.

118. DEFENDANT completed the actions complained of in this Complaint with knowledge that his actions were in direct violation of the United States Constitution and the rights of PLAINTIFF.

119. As a direct and proximate result of the violation of his constitutional right to be free from unlawful seizure by DEFENDANT, PLAINTIFF suffered serious personal injuries and damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this arrest.

120. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from DEFENDANT a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, PLAINTIFF, CYNTHIA FLOTO demands judgment for damages against DEFENDANT, AIANI which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

## COUNT XIII
## 42 U.S.C. § 1983 & 1988
## UNLAWFUL ARREST/SEIZURE (ABSENT PROBABLE CAUSE)
## IN VIOLATION OF THE FOURTH AND FOURTEENTH
## AMENDMENTS TO THE U.S. CONSTITUTION
(CYNTHIA FLOTO AGAINST DEFENDANT JONES)

121. Plaintiff, CYNTHIA FLOTO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

122. PLAINTIFF has the right under the United States Constitution to be free from unreasonable seizures, which include arrests without probable cause, and arrest inside of one's home without a warrant.

123. On February 6, 2021, DEFENDANT JONES acted in his individual capacity when he arrested the Plaintiff without probable cause.

124. DEFENDANT deprived PLAINTIFF of her rights under the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983, by effectuating a warrantless arrest, absent probable cause, inside of Mrs. Floto's home.

125. DEFENDANT did not have probable cause or arguable probable cause to believe that PLAINTIFF committed any of the offenses she was arrested for committing. DEFENDANT was NOT engaged in the lawful execution of a legal duty when effecting an unlawful arrest.

126. DEFENDANT completed the actions complained of in this Complaint with knowledge that his actions were in direct violation of the United States Constitution and the rights of PLAINTIFF.

127. As a direct and proximate result of the violation of his constitutional right to be free from unlawful seizure by DEFENDANT, PLAINTIFF suffered serious personal injuries and damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this arrest.

128. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from DEFENDANT a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, PLAINTIFF CYNTHIA FLOTO demands judgment for damages against DEFENDANT JONES which include but are not limited to exemplary damages, cost of this action and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

**COUNT XIV**
**42 U.S.C. § 1983 & 1988**
**UNLAWFUL ARREST/SEIZURE (ABSENT PROBABLE CAUSE)**
**IN VIOLATION OF THE FOURTH AND FOURTEENTH**
**AMENDMENTS TO THE U.S. CONSTITUTION**
(CYNTHIA FLOTO AGAINST DEFENDANT KEENER)

129. Plaintiff, CYNTHIA FLOTO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

130. PLAINTIFF has the right under the United States Constitution to be free from unreasonable seizures, which include arrests without probable cause, and arrest inside of one's home without a warrant.

131. On February 6, 2021, DEFENDANT KEENER acted in his individual capacity when he arrested, or assisted in the arrest of, the Plaintiff without probable cause.

132. DEFENDANT deprived PLAINTIFF of her rights under the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983, by effectuating a warrantless arrest, absent probable cause, inside of Mrs. Floto's home.

133. DEFENDANT did not have probable cause or arguable probable cause to believe that PLAINTIFF committed any of the offenses she was arrested for committing. DEFENDANT was NOT engaged in the lawful execution of a legal duty when effecting an unlawful arrest.

134. DEFENDANT completed the actions complained of in this Complaint with knowledge that his actions were in direct violation of the United States Constitution and the rights of PLAINTIFF.

135. As a direct and proximate result of the violation of his constitutional right to be free from unlawful seizure by DEFENDANT, PLAINTIFF suffered serious personal injuries and damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this arrest.

136. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from DEFENDANT a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, PLAINTIFF CYNTHIA FLOTO demands judgment for damages against DEFENDANT KEENER which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

**COUNT XV**
**42 U.S.C. § 1983 & 1988**
**UNLAWFUL ARREST/SEIZURE (ABSENT PROBABLE CAUSE)**
**IN VIOLATION OF THE FOURTH AND FOURTEENTH**
**AMENDMENTS TO THE U.S. CONSTITUTION**
(RICHARD FLOTO AGAINST DEFENDANT AIANI)

137. Plaintiff, RICHARD FLOTO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

138. PLAINTIFF has the right under the United States Constitution to be free from unreasonable seizures, which include arrests without probable cause, and arrest inside of one's home without a warrant.

139. On February 6, 2021, DEFENDANT AIANI acted in his individual capacity when he arrested the Plaintiff without probable cause.

140. DEFENDANT deprived PLAINTIFF of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983, by effectuating a warrantless arrest, absent probable cause, inside of Mr. Floto's home.

141. DEFENDANT did not have probable cause or arguable probable cause to believe that PLAINTIFF committed any of the offenses he was arrested for committing. DEFENDANT was NOT engaged in the lawful execution of a legal duty when effectuating an unlawful arrest.

142. DEFENDANT completed the actions complained of in this Complaint with knowledge that his actions were in direct violation of the United States Constitution and the rights of PLAINTIFF.

143. As a direct and proximate result of the violation of his constitutional right to be free from unlawful seizure by DEFENDANT, PLAINTIFF suffered serious personal injuries and damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this arrest.

144. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from DEFENDANT a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, PLAINTIFF RICHARD FLOTO demands judgment for damages against DEFENDANT AIANI which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

**COUNT XVI**
**42 U.S.C. § 1983 & 1988**
**UNLAWFUL ARREST/SEIZURE (ABSENT PROBABLE CAUSE)**
**IN VIOLATION OF THE FOURTH AND FOURTEENTH**
**AMENDMENTS TO THE U.S. CONSTITUTION**
(RICHARD FLOTO AGAINST DEFENDANT JONES)

145. Plaintiff, CHRISTOPHER FLOTO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

146. PLAINTIFF has the right under the United States Constitution to be free from unreasonable seizures, which include arrests without probable cause, and arrest inside of one's home without a warrant.

147. On February 6, 2021, DEFENDANT JONES acted in his individual capacity when he arrested the Plaintiff without probable cause.

148. DEFENDANT deprived PLAINTIFF of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983, by effectuating a warrantless arrest, absent probable cause, inside of Mr. Floto's home.

149. DEFENDANT did not have probable cause or arguable probable cause to believe that PLAINTIFF committed any of the offenses he was arrested for committing. DEFENDANT was NOT engaged in the lawful execution of a legal duty when effectuating an unlawful arrest.

150. DEFENDANT completed the actions complained of in this Complaint with knowledge that his actions were in direct violation of the United States Constitution and the rights of PLAINTIFF.

151. As a direct and proximate result of the violation of his constitutional right to be free from unlawful seizure by DEFENDANT, PLAINTIFF suffered serious personal injuries and damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this arrest.

152. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from DEFENDANT a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, PLAINTIFF RICHARD FLOTO demands judgment for damages against DEFENDANT JONES which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

## COUNT XVII
## 42 U.S.C. § 1983 & 1988
## UNLAWFUL ARREST/SEIZURE (ABSENT PROBABLE CAUSE)
## IN VIOLATION OF THE FOURTH AND FOURTEENTH
## AMENDMENTS TO THE U.S. CONSTITUTION
(RICHARD FLOTO AGAINST DEFENDANT KEY)

153. Plaintiff, RICHARD FLOTO re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

154. PLAINTIFF has the right under the United States Constitution to be free from unreasonable seizures, which include arrests without probable cause, and arrest inside of one's home without a warrant.

155. On February 6, 2021, DEFENDANT KEY acted in his individual capacity when he arrested, or assisted in the arrest of, the Plaintiff without probable cause.

156. DEFENDANT deprived PLAINTIFF of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983, by effectuating a warrantless arrest, absent probable cause, inside of Mr. Floto's home.

157. DEFENDANT did not have probable cause or arguable probable cause to believe that PLAINTIFF committed any of the offenses he was arrested for committing. DEFENDANT was NOT engaged in the lawful execution of a legal duty when effecting an unlawful arrest.

158. DEFENDANT completed the actions complained of in this Complaint with knowledge that his actions were in direct violation of the United States Constitution and the rights of PLAINTIFF.

159. As a direct and proximate result of the violation of his constitutional right to be free from unlawful seizure by DEFENDANT, PLAINTIFF suffered serious personal injuries and damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983, these damages include but are not limited to: the violation of PLAINTIFF's Federal Constitutional rights, a deprivation of liberty, humiliation, physical inconvenience, pain and suffering, emotional damage, cost of criminal legal representation, cost of bond, mental suffering and anguish, and all other damages associated with this arrest.

160. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from DEFENDANT a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, PLAINTIFF RICHARD FLOTO demands judgment for damages against DEFENDANT KEY which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.  Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

## COUNT XVIII
## 42 U.S.C. § 1983 & 1988
## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION
### (CHRISTOPHER FLOTO AGAINST DEFENDANT AIANI)

161. COMES NOW, Plaintiff, CHRISTOPHER FLOTO by and through his undersigned counsel, and sues Defendant AIANI in his individual capacity and in support thereof, states as follows:

162. Plaintiff realleges the allegations contained in paragraphs 1 through 50, as if fully set forth herein.

163. PLAINTIFF has the right under the United States Constitution to be free from the use of excessive force when officers effectuate an arrest.

164. The actions of Defendant amount to deliberate indifference to the rights of the PLAINTIFF to be free of excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

165. Defendant AIANI attacked the PLAINTIFF during the course of an unlawful seizure inside of the Plaintiff's home in which DEFENDANT dragged CHRISTOPHER FLOTO on the ground while handcuffed causing bruises and abrasion and strained muscle and joint soreness.

166. As the proximate result of the constitutional violation to be free from the use of excessive force during an arrest, the Plaintiff suffered personal and physical injuries and is entitled to relief under 42 U.S.C. §1983. These include but are not

limited to: physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish, and all other damages associated with excessive force used against the PLAINTIFF's when he unlawfully arrested him.

167. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, PLAINTIFF CHRISTOPHER FLOTO demands judgment for damages against DEFENDANT AIANI which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

### COUNT XIX
### 42 U.S.C. § 1983 & 1988
### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND
### FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION
(CHRISTOPHER FLOTO AGAINST DEFENDANT JONES)

168. COMES NOW, Plaintiff, CHRISTOPHER FLOTO by and through his undersigned counsel, and sues Defendant JONES in his individual capacity and in support thereof, states as follows:

169. Plaintiff realleges the allegations contained in paragraphs 1 through 50, as if fully set forth herein.

170. PLAINTIFF has the right under the United States Constitution to be free from the use of excessive force when officers effectuate an arrest.

171. The actions of Defendant amount to deliberate indifference to the rights of the PLAINTIFF to be free of excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

172. Defendant JONES attacked the PLAINTIFF during the course of an unlawful seizure inside of the Plaintiff's home in which DEFENDANT dragged CHRISTOPHER FLOTO on the ground while handcuffed causing bruises and abrasion and strained muscle and joint soreness.

173. As the proximate result of the constitutional violation to be free from the use of excessive force during an arrest, the Plaintiff suffered personal and physical injuries and is entitled to relief under 42 U.S.C. §1983. These include but are not limited to: physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish, and all other damages associated with excessive force used against the PLAINTIFF when he unlawfully arrested him.

174. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, PLAINTIFF CHRISTOPHER FLOTO demands judgment for damages against DEFENDANT JONES which include but are not limited to

exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

**COUNT XX**
**42 U.S.C. § 1983 & 1988**
**EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND**
**FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION**
(CYNTHIA FLOTO AGAINST DEFENDANT AIANI)

175. COMES NOW, Plaintiff, CYNTHIA FLOTO by and through her undersigned counsel, and sues Defendant AIANI in his individual capacity and in support thereof, states as follows:

176. Plaintiff realleges the allegations contained in paragraphs 1 through 50, as fully set forth herein.

177. PLAINTIFF has the right under the United States Constitution to be free from the use of excessive force when officers effectuate an arrest.

178. The actions of Defendant amount to deliberate indifference to the rights of the PLAINTIFF to be free of excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

179. Defendant AIANI attacked the PLAINTIFF during the course of an unlawful seizure inside of the Plaintiff's home where upon the forced entry he stomped on Plaintiff's foot, fracturing her toe and during the course of the attempt to seize

Christopher Floto, he pulled, yanked, and grabbed Mrs. Floto forcefully and excessively.

180. As the proximate result of the constitutional violation to be free from the use of excessive force during an arrest, the Plaintiff suffered personal and physical injuries and is entitled to relief under 42 U.S.C. §1983. These include but are not limited to: physical inconvenience, pain and suffering, emotional damage, mental suffering and anguish, and all other damages associated with excessive force used against the PLAINTIFF when he unlawfully arrested her.

181. PLAINTIFF has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, PLAINTIFF, CYNTHIA FLOTO demands judgment for damages against DEFENDANT AIANI which include but are not limited to exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate. Further, PLAINTIFF seeks an award of punitive damages to punish DEFENDANT for his conduct, which would deter DEFENDANT and others from such conduct in the future.

[Remainder of Page Intentionally Blank]

**COUNT XXI**
**42 U.S.C. § 1983 & 1988**
**FAILURE TO TRAIN AND SUPERVISE AND**
**DELIBERATE INDIFFERENCE**
(CHRISTOPHER FLOTO Against DEFENDANT CITY)

182. This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against Defendant CITY.

183. Plaintiff, CHRISTOPHER FLOTO realleges the allegations contained in paragraphs 1 through 50 above, as if fully set forth therein.

184. Plaintiff has a right to be secure in his home against unreasonable searches and seizures, and to not have law enforcement to enter said home without a warrant or an exception to the warrant requirement.

185. In addition, the Plaintiff, under the United States Constitution, has a right to be secure from unlawful seizures and to be free from arrest without probable cause to do so and without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

186. On or about February 6, 2021, CITY through its employees and agents, acting in the course and scope of their duties as police officers, under the color of law deprived Plaintiff of his rights under the United States Constitution in violation of 42 U.S.C. §1983 in that without a warrant or an exception to the warrant requirement, Melbourne Police Officers entered the Plaintiffs' home to make an

unlawful arrest.

187. Further, on or about February 6, 2021, CITY through its employees and agents, acting in the course and scope of their duties as police officers, under the color of law deprived Plaintiff of his rights under the United States Constitution in violation of 42 U.S.C. §1983 in that without probable cause, said employees effectuated the warrantless arrest of the Plaintiff, depriving the Plaintiff of his liberty and freedom.

188. Defendant CITY, through the MPD, its employees and agents acting in the course and scope of their duties as police officers, took the actions complained of above with the knowledge that the actions were in direct violation of the United States Constitution and the rights of Plaintiff. The acts of MPD violated Plaintiff's Constitutional Rights.

189. CITY is responsible for the acts and actions of its employees.

190. Defendant CITY knew or should have known that there was a need to train and supervise officers with respect to lawful versus unlawful entries into one's home to effectuate an arrest.

191. Defendant CITY knew or should have known that there was a need to train and supervise officers with respect to probable cause to effectuate warrantless arrests, as well as the requirement that arrest affidavits contain true and accurate facts,

and not those fabricated to support an arrest.

192. Defendant CITY was placed on notice by two reported cases in the Middle District of Florida as well as numerous sustained and unsubstantiated internal affairs complaints demonstrating the need for training and supervision.

193. In failing to supervise and train officers to prevent the actions complained of above, the CITY created and enforced an implied policy that fostered procedures that allowed individual officers to violate the Warrant Requirement for entry into a citizen's home.

194. In failing to supervise and train officers to prevent the actions complained of above, the CITY created and enforced an implied policy that fostered procedures that allowed individual officers to file arrest affidavits containing blatant misstatements of fact or material omissions that affected probable cause determinations, where there was otherwise an absence of probable cause to arrest.

195. As a result, Plaintiff was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Plaintiff to an award of damages for a loss of those rights and the damages that result therefrom.

196. As a direct result of CITY, Plaintiff has suffered damages including but not limited to, damage suffered to his reputation, economic damages, and all other

damages associated with Plaintiff arrest which exist to this day, and the emotional suffering and damage which is likely to continue into the future.

197. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983 and is entitled to recover from Defendant CITY a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff, CHRISTOPHER FLOTO, respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against CITY, a municipal corporation, and to award Plaintiff his attorney's fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws.

## COUNT XXII
## 42 U.S.C. § 1983 & 1988
## FAILURE TO TRAIN AND SUPERVISE AND
## DELIBERATE INDIFFERENCE
## (CYNTHIA FLOTO Against DEFENDANT CITY)

198. This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against Defendant CITY.

199. Plaintiff, CYNTHIA FLOTO realleges the allegations contained in paragraphs 1 through 50 above, as if fully set forth therein.

200. Plaintiff has a right to be secure in her home against unreasonable searches and seizures, and to not have law enforcement to enter said home without a warrant or an exception to the warrant requirement.

201. In addition, the Plaintiff, under the United States Constitution, has a right to be secure from unlawful seizures and to be free from arrest without probable cause to do so and without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

202. On or about February 6, 2021, CITY through its employees and agents, acting in the course and scope of their duties as police officers, under the color of law deprived Plaintiff of her rights under the United States Constitution in violation of 42 U.S.C. §1983 in that without a warrant or an exception to the warrant requirement, Melbourne Police Officers entered the Plaintiff's home to make an unlawful arrest.

203. Further, on or about February 6, 2021, CITY through its employees and agents, acting in the course and scope of their duties as police officers, under the color of law deprived Plaintiff of her rights under the United  States Constitution in violation of 42 U.S.C. §1983 in that without probable cause, said employees effectuated the warrantless arrest of the Plaintiff, depriving the Plaintiff  of her liberty and freedom.

204. Defendant CITY, through the MPD, its employees and agents acting in the course and scope of their duties as police officers, took the actions complained of above with the knowledge that the actions were in direct violation of the United States

Constitution and the rights of Plaintiff. The acts of MPD violated Plaintiff's Constitutional Rights.

205. CITY is responsible for the acts and actions of its employees.

206. Defendant CITY knew or should have known that there was a need to train and supervise officers with respect to lawful versus unlawful entries into one's home to effectuate an arrest.

207. Defendant CITY knew or should have known that there was a need to train and supervise officers with respect to probable cause to effectuate warrantless arrests as well as the requirement that arrest affidavits contain true and accurate facts, and not those fabricated to support an arrest.

208. Defendant CITY was placed on notice by two reported cases in the Middle District of Florida as well as numerous sustained and unsubstantiated internal affairs complaints demonstrating the need for training and supervision.

209. In failing to supervise and train officers to prevent the actions complained of above, the CITY created and enforced an implied policy that fostered procedures that allowed individual officers to violate the Warrant Requirement for entry into a citizen's home.

210. In failing to supervise and train officers to prevent the actions complained of above, the CITY created and enforced an implied policy that fostered procedures

that allowed individual officers to file arrest affidavits containing blatant misstatements of fact or material omissions that affected probable cause determinations, where there was otherwise an absence of probable cause to arrest.

211. As a result, Plaintiff was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Plaintiff to an award of damages for a loss of those rights and the damages that result therefrom.

212. As a direct result of CITY, Plaintiff has suffered damages including but not limited to, damage suffered to his reputation, economic damages, and all other damages associated with Plaintiff arrest which exist to this day, and the emotional suffering and damage which is likely to continue into the future.

213. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983 and is entitled to recover from Defendant CITY a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff CYNTHIA FLOTO respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against CITY, a municipal corporation, and to award Plaintiff her attorney's fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws.

**COUNT XXIII**
**42 U.S.C. § 1983 & 1988**
**FAILURE TO TRAIN AND SUPERVISE AND**
**DELIBERATE INDIFFERENCE**
(RICHARD FLOTO Against DEFENDANT CITY)

214. This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against Defendant CITY.

215. Plaintiff, RICHARD FLOTO realleges the allegations contained in paragraphs 1 through 50 above, as if fully set forth therein.

216. Plaintiff has a right to be secure in his home against unreasonable searches and seizures, and to not have law enforcement to enter said home without a warrant or an exception to the warrant requirement.

217. In addition, the Plaintiff, under the United States Constitution, has a right to be secure from unlawful seizures and to be free from arrest without probable cause to do so and without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

218. On or about February 6, 2021, CITY through its employees and agents, acting in the course and scope of their duties as police officers, under the color of law deprived Plaintiff of his rights under the United States Constitution in violation of 42 U.S.C. §1983 in that without a warrant or an exception to the warrant requirement, Melbourne Police Officers entered the Plaintiff's home to make an

unlawful arrest.

219. Further, on or about February 6, 2021, CITY through its employees and agents, acting in the course and scope of their duties as police officers, under the color of law deprived Plaintiff of his rights under the United States Constitution in violation of 42 U.S.C. §1983 in that without probable cause, said employees effectuated the warrantless arrest of the Plaintiff, depriving the Plaintiff of his liberty and freedom.

220. Defendant CITY, through the MPD, its employees and agents acting in the course and scope of their duties as police officers, took the actions complained of above with the knowledge that the actions were in direct violation of the United States Constitution and the rights of Plaintiff. The acts of MPD violated Plaintiff's Constitutional Rights.

221. CITY is responsible for the acts and actions of its employees.

222. Defendant CITY knew or should have known that there was a need to train and supervise officers with respect to lawful versus unlawful entries into one's home to effectuate an arrest.

223. Defendant CITY knew or should have known that there was a need to train and supervise officers with respect to probable cause to effectuate warrantless arrest as well as the requirement that arrest affidavits contain true and accurate facts,

and not those fabricated to support an arrest.

224. Defendant CITY was placed on notice by two reported cases in the Middle District of Florida as well as numerous sustained and unsubstantiated internal affairs complaints demonstrating the need for training and supervision.

225. In failing to supervise and train officers to prevent the actions complained of above, the CITY created and enforced an implied policy that fostered procedures that allowed individual officers to violate the Warrant Requirement for entry into a citizen's home.

226. In failing to supervise and train officers to prevent the actions complained of above, the CITY created and enforced an implied policy that fostered procedures that allowed individual officers to file arrest affidavits containing blatant misstatements of fact or material omissions that affected probable cause determinations, where there was otherwise an absence of probable cause to arrest.

227. As a result, Plaintiff was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Plaintiff to an award of damages for a loss of those rights and the damages that result therefrom.

228. As a direct result of CITY, Plaintiff has suffered damages including but not limited to, damage suffered to his reputation, economic damages, and all other

damages associated with Plaintiff arrest which exist to this day, and the emotional

suffering and damage which is likely to continue into the future.

229. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C.

§ 1983 and is entitled to recover from Defendant CITY a reasonable fee for said

counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff RICHARD FLOTO respectfully requests this Court to

take jurisdiction of this cause and the parties to this action and enter an award of

damages against CITY, a municipal corporation, and to award Plaintiff his attorney's

fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws.

## STATE CLAIMS

## COUNT XXIV
## BATTERY
(CHRISTOPHER FLOTO claim against DEFENDANT AIANI)

230. Plaintiff, CHRISTOPHER FLOTO re-allege and incorporate herein by reference

the allegations set forth in paragraphs 1 through 51 of this Complaint.

231. Plaintiff avers that the actions of the Defendant breached a duty of care owed to

Plaintiffs to not cause him physical harm or injury, except to the extent allowed

by law.

232. Plaintiff avers that the Defendant knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiff, pushed, pulled, struck, physically restrained, Mr. Floto without Mr. Floto's consent.    Defendant, AIANI intentionally attacked the PLAINTIFF during the course of an unlawful arrest while being unlawfully in Mr. Floto's home.

233. Defendant committed the battery with malice and in bad-faith, where it was committed in retaliation for the Plaintiff failing to give MPD officers consent to enter the home.

234. That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff, suffered and will continue to suffer in the future, physical inconvenience and discomfort, physical suffering, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name, loss of time, loss of business and employment opportunity, expenses incurred as a result of unlawful detainment, and damage to his reputation.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant, AIANI, including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XXV
## BATTERY
(Plaintiff, CHRISTOPHER FLOTO claim against Defendant, JONES)

235. Plaintiff, CHRISTOPHER FLOTO re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 51 of this Complaint.

236. Plaintiff avers that the actions of the Defendant breached a duty of care owed to Plaintiffs to not cause him physical harm or injury, except to the extent allowed by law.

237. Plaintiff avers that the Defendants knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiff, pushed, pulled, struck, physically restrained, Mr. Floto without Mr. Floto's consent.   Defendant, JONES intentionally attacked the PLAINTIFF during the course of an unlawful arrest while being unlawfully in Mr. Floto's home.

238. Defendant committed the battery with malice and in bad-faith, where it was committed in retaliation for the Plaintiff failing to give MPD officers consent to enter the home.

239. That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff, suffered and will continue to suffer in the future, physical inconvenience and discomfort, physical suffering, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name, loss of time, losses of business and employment

opportunity, expenses incurred as a result of unlawful detainment, and damage to his reputation.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant, JONES, including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

**WHEREFORE**, the PLAINTIFF demands judgment for damages against Defendant, JONES, including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

### COUNT XXVI
### BATTERY
(Plaintiff, CYNTHIA FLOTO claim against Defendant AIANI)

240. Plaintiff, CYNTHIA FLOTO re-allege and incorporate herein by reference the allegations set forth in paragraphs 1 through 51 of this Complaint.

241. Plaintiff avers that the actions of the Defendant breached a duty of care owed to Plaintiffs to not cause him physical harm or injury, except to the extent allowed by law.

242. Plaintiff avers that the Defendant knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiff, pushed, pulled, struck, stomped on her foot, and physically restrained, Mrs. Floto without Mrs. Floto's consent. Defendant, AIANI, intentionally attacked the PLAINTIFF during the course of an unlawful arrest while being unlawfully in Mrs. Floto's home.

243. Defendant committed the battery with malice and in bad-faith, where it was committed in retaliation for the Plaintiff failing to give MPD officers consent to enter the home.

244. That as a direct and proximate result of the aforesaid acts and conduct, the Plaintiff, suffered and will continue to suffer in the future, physical inconvenience and discomfort, physical suffering, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, disgrace, and injury to his good name, loss of time, losses of business and employment opportunity, expenses incurred as a result of unlawful detainment, and damage to his reputation.

**WHEREFORE**, the PLAINTIFF demands judgment for damages against Defendant, AIANI, including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XXVII
## INVASION OF PRIVACY
### (CHRISTOPHER FLOTO AGAINST DEFENDANT AIANI)

245. Plaintiff incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

246. Defendant's actions in walking into the Plaintiff's home to make an arrest not based on probable cause, and WITHOUT an arrest warrant or warrant exception,

constituted an invasion of Plaintiff's privacy under Florida state law where the Plaintiff as recognized right to be secure in his home.  ***See FL CONST Art. I, §12; Fla. Stat. §§ 933.04*** and ***933.18.***

247. DEFENDANT AIANI intentionally and maliciously intruded into the private affairs and seclusion of Plaintiff without just cause to do so by having entered the home to conduct an unlawful arrest of CHRISTOPHER FLOTO.

248. PLAINTIFF had a privacy interest in 3437 Saddle Brook, Melbourne, Florida. DEFENDANTS AIANI, JONES, and FITZGERALD entered said address without consent or permission.

249. The entry was offensive to a reasonable person where it was made to make an unlawful arrest devoid of probable cause.  Also, the Defendant was motivated by the fact that consent the enter had been denied.

250. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with her arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, physical injuries, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

   WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant, including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

**COUNT XXVIII**
**INVASION OF PRIVACY**
(CHRISTOPHER FLOTO AGAINST DEFENDANT JONES)

251. Plaintiff incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

252. Defendant's actions in walking into the Plaintiff's home to make an arrest not based on probable cause, and WITHOUT an arrest warrant or warrant exception, constituted an invasion of Plaintiff's privacy under Florida state law where the Plaintiff as recognized right to be secure in his home. *See FL CONST Art. I, §12; Fla. Stat. §§ 933.04* and *933.18.*

253. DEFENDANT JONES intentionally and maliciously intruded into the private affairs and seclusion of Plaintiff without just cause to do so by having entered the home to conduct an unlawful arrest of CHRISTOPHER FLOTO.

254. PLAINTIFF had a privacy interest in 3437 Saddle Brook Drive, Melbourne, Florida. DEFENDANTS AIANI, JONES, and FITZGERALD entered said address without consent or permission.

255. The entry was offensive to a reasonable person where it was made to make an unlawful arrest devoid of probable cause. Also, the Defendant was motivated by the fact that consent the enter had been denied.

256. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with her arrest,

payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, physical injuries, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

### COUNT XXIX
### INVASION OF PRIVACY
(CHRISTOPHER FLOTO AGAINST DEFENDANT FITZGERALD)

257. Plaintiff incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

258. Defendant's actions in walking into the Plaintiff's home to make an arrest not based on probable cause, and WITHOUT an arrest warrant or warrant exception, constituted an invasion of Plaintiff's privacy under Florida state law where the Plaintiff as recognized right to be secure in his home. *See FL CONST Art. I, §12; Fla. Stat. §§ 933.04* and *933.18.*

259. DEFENDANT FITZGERALD intentionally and maliciously intruded into the private affairs and seclusion of Plaintiff without just cause to do so by having entered the home to conduct an unlawful arrest of CHRISTOPHER FLOTO.

260. PLAINTIFF had a privacy interest in 3437 Saddle Brook Drive, Melbourne, Florida.  DEFENDANTS AIANI, JONES, and FITZGERALD entered said address without consent or permission.

261. The entry was offensive to a reasonable person where it was made to make an unlawful arrest devoid of probable cause.  Also, the Defendant was motivated by the fact that consent the enter had been denied.

262. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with her arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, physical injuries, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XXX
## INVASION OF PRIVACY UNDER FLORIDA STATE LAW
(CYNTHIA FLOTO AGAINST DEFENDANT AIANI)

263. Plaintiff incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

264. Defendant's actions in walking into the Plaintiff's home to make an arrest not based on probable cause, and WITHOUT an arrest warrant or warrant exception,

constituted an invasion of Plaintiff's privacy under Florida state law where the Plaintiff as recognized right to be secure in his home. ***See FL CONST Art. I, §12; Fla. Stat. §§ 933.04** and **933.18.***

265. DEFENDANT AIANI intentionally and maliciously intruded into the private affairs and seclusion of Plaintiff without just cause to do so by having entered the home to conduct an unlawful arrest of Christopher Floto.

266. PLAINTIFF had a privacy interest in 3437 Saddle Brook Drive, Melbourne, Florida.  DEFENDANTS AIANI, JONES, and FITZGERALD entered said address without consent or permission.

267. The entry was offensive to a reasonable person where it was made to make an unlawful arrest devoid of probable cause.  Also, the Defendant was motivated by the fact that consent the enter had been denied.

268. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with her arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, physical injuries, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XXXI
## INVASION OF PRIVACY
(CYNTHIA FLOTO AGAINST DEFENDANT FITZGERALD)

269. Plaintiff incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

270. Defendant's actions in walking into the Plaintiff's home to make an arrest not based on probable cause, and WITHOUT an arrest warrant or warrant exception, constituted an invasion of Plaintiff's privacy under Florida state law where the Plaintiff as recognized right to be secure in his home. *See FL CONST Art. I, §12; Fla. Stat. §§ 933.04* and *933.18.*

271. DEFENDANT FITZGERALD intentionally and maliciously intruded into the private affairs and seclusion of Plaintiff without just cause to do so by having entered the home to conduct an unlawful arrest of Christopher Floto.

272. PLAINTIFF had a privacy interest in 3437 Saddle Brook Drive, Melbourne, Florida. DEFENDANTS AIANI, JONES, and FITZGERALD entered said address without consent or permission.

273. The entry was offensive to a reasonable person where it was made to make an unlawful arrest devoid of probable cause. Also, the Defendant was motivated by the fact that consent the enter had been denied.

274. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with her arrest,

payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, physical injuries, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XXXII
## INVASION OF PRIVACY
(CYNTHIA FLOTO AGAINST DEFENDANT JONES)

275. Plaintiff incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

276. Defendant's actions in walking into the Plaintiff's home to make an arrest not based on probable cause, and WITHOUT an arrest warrant or warrant exception, constituted an invasion of Plaintiff's privacy under Florida state law where the Plaintiff as recognized right to be secure in his home. *See FL CONST Art. I, §12; Fla. Stat. §§ 933.04* and *933.18.*

277. DEFENDANT JONES intentionally and maliciously intruded into the private affairs and seclusion of Plaintiff without just cause to do so by having entered the home to conduct an unlawful arrest of Christopher Floto.

278. PLAINTIFF had a privacy interest in 3437 Saddle Brook Drive, Melbourne, Florida. DEFENDANTS AIANI, JONES, and FITZGERALD entered said address without consent or permission.

279. The entry was offensive to a reasonable person where it was made to make an unlawful arrest devoid of probable cause. Also, the Defendant was motivated by the fact that consent the enter had been denied.

280. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with her arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, physical injuries, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XXXIII
## INVASION OF PRIVACY UNDER FLORIDA STATE LAW
(RICHARD FLOTO AGAINST DEFENDANT AIANI)

281. Plaintiff incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

282. Defendant's actions in walking into the Plaintiff's home to make an arrest not based on probable cause, and WITHOUT an arrest warrant or warrant exception,

constituted an invasion of Plaintiff's privacy under Florida state law where the Plaintiff as recognized right to be secure in his home. ***See FL CONST Art. I, §12; Fla. Stat. §§ 933.04*** and ***933.18.***

283. DEFENDANT AIANI intentionally and maliciously intruded into the private affairs and seclusion of Plaintiff without just cause to do so by having entered the home to conduct an unlawful arrest of Christopher Floto.

284. PLAINTIFF had a privacy interest in 3437 Saddle Brook Drive, Melbourne, Florida. DEFENDANTS AIANI, JONES, and FITZGERALD entered said address without consent or permission.

285. The entry was offensive to a reasonable person where it was made to make an unlawful arrest devoid of probable cause. Also, the Defendant was motivated by the fact that consent the enter had been denied.

286. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with her arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, physical injuries, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XXXIV
## INVASION OF PRIVACY
### (RICHARD FLOTO AGAINST DEFENDANT FITZGERALD)

287. Plaintiff incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

288. Defendant's actions in walking into the Plaintiff's home to make an arrest not based on probable cause, and WITHOUT an arrest warrant or warrant exception, constituted an invasion of Plaintiff's privacy under Florida state law where the Plaintiff as recognized right to be secure in his home.  *See FL CONST Art. I, §12; Fla. Stat. §§ 933.04* and *933.18.*

289. DEFENDANT FITZGERALD intentionally and maliciously intruded into the private affairs and seclusion of Plaintiff without just cause to do so by having entered the home to conduct an unlawful arrest of Christopher Floto.

290. PLAINTIFF had a privacy interest in 3437 Saddle Brook Drive, Melbourne, Florida.  DEFENDANTS AIANI, JONES, and FITZGERALD entered said address without consent or permission.

291. The entry was offensive to a reasonable person where it was made to make an unlawful arrest devoid of probable cause.  Also, the Defendant was motivated by the fact that consent the enter had been denied.

292. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with her arrest,

payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, physical injures, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XXXV
## INVASION OF PRIVACY
### (RICHARD FLOTO AGAINST DEFENDANT JONES)

293. Plaintiff incorporates by reference paragraphs 1 through 51 as if fully set forth herein.

294. Defendant's actions in walking into the Plaintiff's home to make an arrest not based on probable cause, and WITHOUT an arrest warrant or warrant exception, constituted an invasion of Plaintiff's privacy under Florida state law where the Plaintiff as recognized right to be secure in his home. *See FL CONST Art. I, §12; Fla. Stat. §§ 933.04* and *933.18.*

295. DEFENDANT JONES intentionally and maliciously intruded into the private affairs and seclusion of Plaintiff without just cause to do so by having entered the home to conduct an unlawful arrest of Christopher Floto.

296. PLAINTIFF had a privacy interest in 3437 Saddle Brook Drive, Melbourne, Florida. DEFENDANTS AIANI, JONES, and FITZGERALD entered said address without consent or permission.

297. The entry was offensive to a reasonable person where it was made to make an unlawful arrest devoid of probable cause. Also, the Defendant was motivated by the fact that consent the enter had been denied.

298. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with her arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, physical injures, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

### COUNT XXXVI
### FALSE IMPRISONMENT FLORDA STATUTE § 787.02(2)
(CHRISTOPHER FLOTO claim Against Defendant AIANI)

299. Plaintiff incorporates by reference paragraphs 1 through 51, as if fully set forth herein.

300. Defendant's actions constituted false imprisonment and were a violation of ***Fla. Stat. 787.02***

301. No probable cause existed for Plaintiff's arrest and no arrest warrant was outstanding.

302. Defendant along with other MPD officers, confined Plaintiff against his will, by grabbing, handcuffing, and restricting his movement.

303. Plaintiff was placed under arrest and into the custody of the Brevard County Jail.

304. That DEFENDANT AIANI committed the above acts maliciously and in bad-faith, knowing the arrest of Christopher Floto was being committed in violation of the Fourth Amendment.

305. PLAINTIFF avers that AIANI breached a duty of care owed to CHRISTOPHER FLOTO, so as not to deprive him of his personal liberty and freedom of movement.

306. PLAINTIFF avers that the Defendant AIANI is liable to him for false imprisonment.

307. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with his arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XXXVII
## FALSE IMPRISONMENT FLORDA STATUTE § 787.02(2)
(CHRISTOPHER FLOTO claim Against Defendant JONES)

308. Plaintiff incorporates by reference paragraphs 1 through 51, as if fully set forth herein.

309. Defendant's actions constituted false imprisonment and were a violation of *Fla. Stat. 787.02*

310. No probable cause existed for Plaintiff's arrest and no arrest warrant was outstanding.

311. Defendant along with other MPD officers, confined Plaintiff against his will, by grabbing, handcuffing, and restricting his movement.

312. Plaintiff was placed under arrest and into the custody of the Brevard County Jail.

313. That DEFENDANT JONES committed the above acts maliciously and in bad-faith, knowing the arrest of Christopher Floto was being committed in violation of the Fourth Amendment.

314. PLAINTIFF avers that JONES breached a duty of care owed to CHRISTOPHER FLOTO, so as not to deprive him of his personal liberty and freedom of movement.

315. PLAINTIFF avers that the Defendant JONES is liable to him for false imprisonment.

316. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with his arrest,

payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XXXVIII
## FALSE IMPRISONMENT FLORDA STATUTE § 787.02(2)
(CYNTHIA FLOTO claim Against Defendant AIANI)

317. Plaintiff incorporates by reference paragraphs 1 through 51, as if fully set forth herein.

318. Defendant's actions constituted false imprisonment and were a violation of ***Fla. Stat. 787.02***

319. No probable cause existed for Plaintiff's arrest where no MPD officer was engaged in the lawful execution of legal duty.

320. Defendant along with other MPD officers, confined Plaintiff against her will, by grabbing, handcuffing, and restricting her movement.

321. Plaintiff was placed under arrest and into the custody of the Brevard County Jail.

322. That DEFENDANT AIANI committed the above acts maliciously and in bad-faith, knowing the no MPD officer was engaged in the lawful execution of a legal duty by entering the Plaintiff's home.

323. PLAINTIFF avers that AIANI breached a duty of care owed to CYNTHIA FLOTO, so as not to deprive her of her personal liberty and freedom of movement.

324. PLAINTIFF avers that Defendant AIANI is liable to her for false imprisonment.

325. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with his arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XXXIX
## FALSE IMPRISONMENT FLORDA STATUTE § 787.02(2)
(CYNTHIA FLOTO claim Against Defendant JONES)

326. Plaintiff incorporates by reference paragraphs 1 through 51, as if fully set forth herein.

327. Defendant's actions constituted false imprisonment and were a violation of *Fla. Stat. 787.02*

328. No probable cause existed for Plaintiff's arrest where no MPD officer was engaged in the lawful execution of legal duty.

329. Defendant along with other MPD officers, confined Plaintiff against her will, by grabbing, handcuffing, and restricting her movement.

330. Plaintiff was placed under arrest and into the custody of the Brevard County Jail.

331. That DEFENDANT JONES committed the above acts maliciously and in bad-faith, knowing that no MPD officer was engaged in the lawful execution of a legal duty by entering the Plaintiff's home.

332. PLAINTIFF avers that JONES breached a duty of care owed to CYNTHIA FLOTO, so as not to deprive her of her personal liberty and freedom of movement.

333. PLAINTIFF avers that Defendant JONES is liable to him for false imprisonment.

334. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with his arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

[Remainder of Page Blank]

## COUNT XL
## FALSE IMPRISONMENT FLORDA STATUTE § 787.02(2)
(CYNTHIA FLOTO claim Against Defendant KEENER)

335. Plaintiff incorporates by reference paragraphs 1 through 51, as if fully set forth herein.

336. Defendant's actions constituted false imprisonment and were a violation of *Fla. Stat. 787.02*

337. No probable cause existed for Plaintiff's arrest where no MPD officer was engaged in the lawful execution of legal duty.

338. Defendant along with other MPD officers, confined Plaintiff against her will, by grabbing, handcuffing, and restricting her movement.

339. Plaintiff was placed under arrest and into the custody of the Brevard County Jail.

340. That DEFENDANT KEENER committed the above acts maliciously and in bad-faith, knowing that no MPD officer was engaged in the lawful execution of a legal duty by entering the Plaintiff's home.

341. PLAINTIFF avers that KEENER breached a duty of care owed to CYNTHIA FLOTO, so as not to deprive her of her personal liberty and freedom of movement.

342. PLAINTIFF avers that Defendant KEENER is liable to her for false imprisonment.

343. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with his arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel

associated with expungement, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XLI
## FALSE IMPRISONMENT FLORDA STATUTE § 787.02(2)
### (RICHARD FLOTO claim Against Defendant AIANI)

344. Plaintiff incorporates by reference paragraphs 1 through 51, as if fully set forth herein.

345. Defendant's actions constituted false imprisonment and were a violation of ***Fla. Stat. 787.02***

346. No probable cause existed for Plaintiff's arrest where no MPD officer was engaged in the lawful execution of legal duty.

347. Defendant along with other MPD officers, confined Plaintiff against his will, by grabbing, handcuffing, and restricting his movement.

348. Plaintiff was placed under arrest and into the custody of the Brevard County Jail.

349. That DEFENDANT AIANI committed the above acts maliciously and in bad-faith, knowing the no MPD officer was engaged in the lawful execution of a legal duty by entering the Plaintiff's home.

350. PLAINTIFF avers that AIANI breached a duty of care owed to RICHARD FLOTO, so as not to deprive him of his personal liberty and freedom of movement.

351. PLAINTIFF avers that Defendant AIANI is liable to him for false imprisonment.

352. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with his arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XLII
## FALSE IMPRISONMENT FLORIDA STATUTE § 787.02(2)
(RICHARD FLOTO claim Against Defendant JONES)

353. Plaintiff incorporates by reference paragraphs 1 through 51, as if fully set forth herein.

354. Defendant's actions constituted false imprisonment and were a violation of ***Fla. Stat. 787.02***

355. No probable cause existed for Plaintiff's arrest where no MPD officer was engaged in the lawful execution of legal duty.

356. Defendant along with other MPD officers, confined Plaintiff against his will, by grabbing, handcuffing, and restricting his movement.

357. Plaintiff was placed under arrest and into the custody of the Brevard County Jail.

358. That DEFENDANT JONES committed the above acts maliciously and in bad-faith, knowing that no MPD officer was engaged in the lawful execution of a legal duty by entering the Plaintiff's home.

359. PLAINTIFF avers that JONES breached a duty of care owed to RICHARD FLOTO, so as not to deprive him of his personal liberty and freedom of movement.

360. PLAINTIFF avers that Defendant JONES is liable to him for false imprisonment.

361. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with his arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

[Remainder of Page Blank]

## COUNT XLIII
## FALSE IMPRISONMENT FLORDA STATUTE § 787.02(2)
### (RICHARD FLOTO claim Against Defendant KEY)

362. Plaintiff incorporates by reference paragraphs 1 through 51, as if fully set forth herein.

363. Defendant's actions constituted false imprisonment and were a violation of ***Fla. Stat. 787.02***

364. No probable cause existed for Plaintiff's arrest where no MPD officer was engaged in the lawful execution of legal duty.

365. Defendant along with other MPD officers, confined Plaintiff against his will, by grabbing, handcuffing, and restricting his movement.

366. Plaintiff was placed under arrest and into the custody of the Brevard County Jail.

367. That DEFENDANT KEY committed the above acts maliciously and in bad-faith, knowing the no MPD officer was engaged in the lawful execution of a legal duty by entering the Plaintiff's home.

368. PLAINTIFF avers that KEY breached a duty of care owed to RICHARD FLOTO, so as not to deprive him of his personal liberty and freedom of movement.

369. PLAINTIFF avers that Defendant KEY is liable to him for false imprisonment.

370. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with his arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel

associated with expungement, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XLIV
## MALICIOUS PROSECUTION
(CHRISTOPHER FLOTO claim Against Defendant AIANI)

371. CHRISTOPHER FLOTO was arrested on February 6, 2021 and was assigned case number 05-2021-CF-014728- AXXX-XX before the case was down graded to misdemeanor court, and assigned the case number 05-2021-014728-AXXX-XX by the Clerk of the Court of the 18th Judicial Circuit.

372. Arraignment was set for March 9, 2021.

373. A Criminal case was commenced against Plaintiff as a direct result of the arrest affidavit authored by Defendant, which contained deliberate false statements to fabricate probable cause for arrest alleging that Plaintiff committed the offense of (Resisting/ Obstructing Officer Without Violence.

374. The case terminated in Plaintiff's favor on April 20, 2021, where the State ONLY formally charged the Plaintiff with a "Violation of Condition of Pretrial Release" on March 31, 2021, but filed a nolle prosequi. The State declined to file charges for resisting/obstructing officer without violence.

375. There was a clear absence of probable cause to arrest for the offense of Resisting/Obstructing Officer Without Violence where Defendant, nor any other MPD Officer, were engaged in the lawful execution of a legal duty when entering the Plaintiff's home to conduct a warrantless arrest of Christopher Floto.

376. The prosecution was commenced with malice and in bad-faith, where Plaintiff was arrested in retaliation for Plaintiff telling MDP officers that they needed a warrant to enter the home to seize Christopher Floto.

377. PLAINTIFF avers that Defendant AIANI is liable to him for false imprisonment.

378. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with his arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

[Remainder of Page Blank]

## COUNT XLV
## MALICIOUS PROSECUTION
(CYNTHIA FLOTO claim Against Defendant KEENER)

379. CYNTHIA was arrested on February 6, 2021, and was assigned case number 05-2021-CF-0147286-AXXX-XX by the Clerk of the Court of the 18th Judicial Circuit.

380. Prior to arraignment, the Office of the State Attorney filed a "notice of information" declining to prosecute the case.

381. A Criminal case was commenced against Plaintiff as a direct result of the arrest affidavit authored by Defendant, which contained deliberate false statements to fabricate probable cause for arrest alleging that Plaintiff committed the offenses of Battery on a Law Enforcement Officer (two counts) and Resisting Arrest Without Violence.

382. The case terminated in Plaintiff's favor on August 26, 2021, by way of a "notice of no information".

383. There was a clear absence of probable cause to arrest for the offense of Resisting/Obstructing Officer Without Violence where Defendant, nor any other MPD Officer were engaged in the lawful execution of a legal duty when entering the Plaintiff's home to conduct a warrantless arrest of Christopher Floto.

384. Similarly, there was a clear absence of probable cause to arrest for the offense of Battery on a Law Enforcement Officer where Defendant, nor any other MPD

Officer were engaged in the lawful execution of a legal duty when entering the Plaintiff's home to conduct a warrantless arrest of Christopher Floto.

385. The prosecution was commenced with malice and in bad-faith, where Plaintiff was arrested in retaliation for Plaintiff telling MDP officers that they needed a warrant to enter the home to seize Christopher Floto.

386. PLAINTIFF avers that Defendant KEENER is liable to him for malicious prosecution.

387. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with his arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT XLV
## MALICIOUS PROSECUTION
(RICHARD FLOTO claim Against Defendant KEY)

388. RICHARD FLOTO was arrested on February 6, 2021, and was assigned case number 05-2021-CF-014725-AXXX-XX by the Clerk of the Court of the 18th Judicial Circuit.

389. Prior to arraignment, the Office of the State Attorney filed a "notice of information" declining to prosecute the case.

390. A Criminal case was commenced against Plaintiff as a direct result of the arrest affidavit authored by Defendant, which contained deliberate false statements to fabricate probable cause for arrest alleging that Plaintiff committed the offenses of Battery on a Law Enforcement Officer (two counts) and Resisting Arrest Without Violence.

391. The case terminated in Plaintiff's favor on August 26, 2021, by way of a "notice of no information".

392. There was a clear absence of probable cause to arrest for the offense of Resisting/Obstructing Officer Without Violence where Defendant, nor any other MPD Officer, were engaged in the lawful execution of a legal duty when entering the Plaintiff's home to conduct a warrantless arrest of Christopher Floto.

393. Similarly, there was a clear absence of probable cause to arrest for the offense of Battery on a Law Enforcement Officer where Defendant, nor any other MPD Officer were engaged in the lawful execution of a legal duty when entering the Plaintiff's home to conduct a warrantless arrest of Christopher Floto.

394. The arrest was made with malice and in bad-faith, where Plaintiff was arrested in retaliation for Plaintiff telling MDP officers that they needed a warrant to enter the home to seize Christopher Floto.

395. PLAINTIFF avers that Defendant KEY is liable to him for malicious prosecution.

396. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with his arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

ALL PLAINTIFFS hereby demand a trial by jury of all issues so triable.

Dated this 4TH day of February, 2025.

**HAYNES LAW, P.A.**

*Carlus L. Haynes*

**CARLUS HAYNES, ESQ.**
Florida Bar Number:
8615 Commodity Circle, Unit 6
Orlando, Florida 32819
Telephone: (407) 246-0077
Facsimile: (407) 246-0078
Email:  champ@fighting4ulaw .com
Attorney for PLAINTIFFS
"The FLOTO's"